UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ISAIAH CORDOVA,
Institutional ID No. 50150294,

    Plaintiff,

v.             No. 5:24-CV-00079-H

FNU LNU,

    Defendant.

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. Dkt. No. 15. Plaintiff filed objections. Dkt. No. 17. The Magistrate Judge recommended that this Court dismiss Plaintiff's complaint for failure to state a claim. Specifically, the Magistrate Judge concluded that Plaintiff's allegation that he was given drinking water potentially contaminated with urine failed to plead sufficient facts to show a constitutional violation. Thus, this case should be dismissed with prejudice for failure to state claim under 28 U.S.C. §§ 1915.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation. Additionally, in light of Plaintiff's specific objections, the Court has conducted a de

novo review of the relevant portions of the FCR and the record in this case. Plaintiff's first objection seems to take issue with the standard of review set forth in the FCR, but his mention of a *Martinez* report has no relevance to this case, as the Court did not use a *Martinez* report to resolve any conflicts between Plaintiff's allegations and the record.

Many of Plaintiff's objections are either restatements of arguments made in his complaint and questionnaire responses, arguments thoroughly addressed by the FCR, mere disagreements with the Magistrate Judge's wording, or conclusory statements insisting that his claims have merit. Specifically, he objects to the conclusion that his complaint and questionnaire are devoid of facts showing the guard had the requisite mindset when he allegedly urinated in water cooler from which Plaintiff filled his water bottle. He argues that the guard could not have accidentally urinated in the water cooler, and thus it must have been deliberate. But the Court notes that, even taking his allegations as true, the facts alleged by Plaintiff establish only that someone told him that an unnamed guard urinated in the water cooler after he had already drunk from it. And Plaintiff also acknowledged that he did not notice any odd taste or appearance of the water he drank, nor did he suffer any physical injury as a result of consuming the allegedly contaminated water. Thus, the Court overrules Plaintiff's objections.

Additionally, the Magistrate Judge also found that Plaintiff failed to show a sufficiently serious deprivation, given that his exposure to the allegedly contaminated water was brief. *See* Dkt. No. 15 at 6. Specifically, the Magistrate Judge found that "[t]his short period of exposure, when considered alongside Cordova's admission that the taste of the water was masked by the electrolytes and his failure to allege any physical injury resulting from the consumption of the contaminated water, compels the Court to conclude that

Cordova's deprivation of clean water was not sufficiently serious and posed no substantial risk of serious harm." *Id.*

In short, the FCR correctly concludes that Plaintiff has failed to state a claim. The Court finds that the objections are overruled, and the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

The Court therefore orders:

1. Plaintiff's complaint is dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915.

2. All relief not expressly granted is denied, and any pending motions are denied.

Judgment will be entered accordingly.

So ordered on October 7, 2025.

_____
JAMES WESLEY HENDRIX
United States District Judge